Per Curiam.

On February 3, 1954, relator, Yernon E. Lakes, filed with the Board of Elections of Montgomery County, Ohio, his declaration of candidacy and petition as a candidate for the office of member of the Montgomery County Republican Central Committee from Mad River township, to be voted on at the primary election May 4, 1954.
One John Schumacher, a candidate for the same of *342 fice at the same primary election, filed an objection to the candidacy of relator on the sole ground that he, relator, is not a resident of Mad River township.
A hearing was had on such objection before the respondents as members of the Board of Elections of Montgomery County, and they, by resolution, sustained the objection and eliminated the relator as a candidate.
Thereupon, relator instituted the present mandamus action in this court, seeking a writ requiring the respondents to cause the name of relator to be placed on the ballot at the May 4, 1954, primary election as a candidate for member of the Eepublican County Central Committee from Mad River township.
At the hearing before respondents, relator and his witnesses offered evidence to the effect that relator owns and has owned for a number of years a residence property on Byesville Boulevard in Mad River township on which two dwellings are located; that he and his family resided there for a long time; that relator is and has been over a period of years a registered voter in Mad Eiver township and voted in such township to the knowledge of Schumacher, the objector, in 1953; that early in 1953 relator rented a house in the city of Dayton to afford his child who had been afflicted with infantile paralysis the opportunity for full-time schooling, which was not then available in Mad Eiver township; that the move to Dayton was purely a temporary proposition; that during the early fall of 1953 relator took up residence in the smaller house on the property he owns in Mad Eiver township, where he eats, sleeps, lives and receives visits from his wife; and that relator and his family are planning to return to the large house on relator’s property in Mad River township as soon as they can regain possession from the present tenants, one of whom is ailing. There was no direct contradiction of the evidence related above.
Opposing relator’s contention that he is a voting *343 resident of Mad River township, evidence was introduced that relator received at least a part of his mail at the rented residence in Dayton; that the telephone in such residence is in relator’s name; that a registered letter addressed to relator at his claimed residence in Mad River township could not be delivered at that address; and that two men who went to relator’s claimed Mad River township address in the daytime could not locate him.
Section 3503.02, Revised Code, provides in part:
“All registrars and judges of elections, in determining the residence of a person offering to register or vote, shall be governed by the following rules:
“(A) That place shall be considered the residence of a person in which his habitation is fixed and to which, whenever he is absent, he has the intention of returning.
“ (B) A person shall not be considered to have lost his residence who leaves his home and goes into another state or county of this state, for temporary purposes only, with the intention of returning.
i ( # # #
“ ‘Temporary purposes,’ as used in this section, shall be construed to permit a period of absence not in excess of three years.”
Under the evidence presented by relator, considered in connection with the quoted portions of Section 3503.02, Revised Code, it seems plain that relator has established that his voting residence is in Mad River township, and that by the temporary removal of his family elsewhere he neither in fact nor by intention changed or abandoned it. On the other hand, the evidence produced to show the contrary is entirely too insubstantial and inconclusive to accomplish that purpose. It does not rise to that level where a reasonable and open-minded person would accept it to support the eonelusion it was designed to induce.
*344 If in the case of State, ex rel. Klink, v. Eyrich, Jr., et al., Board of Elections of Hamilton County, 157 Ohio St., 338, 105 N. E. (2d), 399, it was properly determined that the candidate’s voting residence was in the city of Cincinnati, as this court unanimously said it was, the relator herein is surely entitled to prevail in the instant action.
The writ prayed for should be and it, hereby, is allowed.

Writ allowed.

Weygandt, C. J., Middleton, Zimmerman, Stewart and Lamneck, JJ., concur.
Hart, J., not participating.